JOSEPH B. BIANCHI, PROSECUTOR, v. FLORENCE R. MOREY, CLERK OF THE TOWN OF BELLEVILLE, COUNTY OF ESSEX AND STATE OF NEW JERSEY, AND THE BOARD OF COMMISSIONERS OF THE TOWN OF BELLEVILLE, COUNTY OF ESSEX AND STATE OF NEW JERSEY, RESPONDENTS.

Argued January 17, 1940—Decided March 4, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutor, *Edward J. Abromson.*

For the respondents, *Lawrence E. Keenan.*

The opinion of the court was delivered by

PERSKIE, J.   We are called in this cause to determine the validity of a resolution of the Board of Commissioners of Belleville, New Jersey, passed November 14th, 1939, disapproving a recommendation of the Board of Adjustment that an ordinance be adopted changing prosecutor's property from an "A" residence to a business zone.

We gather from the return to the writ which includes a transcript of depositions taken pursuant to the *allocatur,* that, on July 26th, 1939, prosecutor through an agent applied to the inspector of buildings of the town of Belleville for a permit to erect a one-story frame building on premises 729 Belleville avenue, in Belleville, to be used as a restaurant. On the same day the application for the permit was denied on the ground that the property in question was in a residence zone.

Prosecutor then appealed to the Board of Adjustment. *R. S.* 40:55-42.   On September 14th, 1939, by a three to two vote this board passed a resolution recommending that the property in question be changed from an "A" residence zone to a business zone, and requesting the Board of Commissioners of the Town of Belleville to adopt an ordinance in conformity with that recommendation.   See *R. S.* 40:55-39 (c) and (d).

On October 3d, 1939, an ordinance to accomplish this end was introduced and unanimously passed on first reading. The ordinance, however, was unanimously rejected on second reading, and on November 14th, 1939, also by a unanimous vote, a resolution was passed disapproving the recommendation of the Board of Adjustment.   It is the propriety of this resolution that is here challenged.   Under the circumstances of this particular case, we think that it should be set aside.

Prosecutor's property is a triangular shaped lot located in the southerly side of Belleville avenue immediately adjoining the easterly side of the property formerly occupied by the Durkin Lumber Company (see *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183; 147 *Atl. Rep.* 555), and now occupied by the Bloomfield Lumber Co.   The physical features of the neighborhood in question are adequately

described in the opinion in the Durkin Lumber Company case, *supra,* and, therefore, need not be detailed here. Suffice it for present purposes to observe that Belleville avenue is an entirely heavily trafficked "through" highway. Prosecutor's property has a frontage of 73.83 feet on that avenue, is 125 feet deep and has a rear of 16.9 feet. There is one forty foot corner lot lying between the property in question and Pleasant avenue, the nearest street to the east of proscutor's land. Immediately across Belleville avenue, directly opposite the premises involved, is a commercial greenhouse. Adjoining the greenhouse to the west, but located in the city of Bloomfield, whose westerly boundary is less than seventy feet from prosecutor's property, is a night club. There are also stores and gas stations in the vicinity and a railway line and a number of factories are not far away.

The law involved in these cases is settled. It is the duty of the court to determine whether a restriction placed upon the use of one's property is a reasonable exercise of power under our Zoning act, or whether that restriction is an arbitrary, unreasonable and capricious exercise of that power. *Phillips* v. *Township Council, &c., Teaneck,* 120 *N. J. L.* 45 (and cases therein cited, at *p.* 48); 198 *Atl. Rep.* 368; *affirmed,* 122 *N. J. L.* 485; 5 *Atl. Rep.* (2d) 698.

We are entirely satisfied, in view of the general character of the neighborhood and the surrounding circumstances, that the refusal of the Board of Commissioners to adopt the recommendation of the Board of Adjustment bears no reasonable relation to public health, safety, morals or welfare. *R. S.* 40:55-32. The refusal therefore constitutes an arbitrary, unreasonable and capricious exercise of power.

The Board of Commissioners of Belleville were right when in the first instance they passed on first reading an ordinance to carry out the recommendation of the Board of Adjustment. They were wrong when they rejected that ordinance, and when they passed the resolution disapproving of the recommendation of the Board of Adjustment.

Accordingly, the resolution is set aside with costs.